OPINION
Plaintiff-appellant, John Smith, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, finding $10,500 loaned to his former spouse, defendant-appellee, Tammie Smith, was marital debt.
The parties lived together in 1995 and had a son in November of that year. They separated after his birth, but married in April 1997. The parties again separated on June 12, 1997 when appellant moved out of the apartment. Appellee was pregnant with the couple's second child at the time. Appellee was unemployed and borrowed money from her sister to pay household expenses from the time of the separation until May 1998 after the child was born and when she was able to obtain employment.
Appellant filed for divorce in November 2000. Appellee claimed the amount she borrowed from her sister as marital debt. At a hearing, appellee's sister testified that from September 1997 until May 1998 she loaned approximately $10,500 to her sister for living and household expenses such as rent, utilities, car payments, insurance, diapers and formula. She testified that the money was loaned in the form of checks, cash and deposits into her sister's account.
The trial court found that, because of her lack of employment and her pregnancy, appellee was forced to borrow money from her sister to meet her daily needs. The trial court determined the duration of the marriage was from April 28, 1997 until July 10, 2001, and found the $10,500 debt was marital since it was incurred during the marriage to cover basic living expenses. The court ordered appellant to pay half of this debt.
Appellant now appeals the trial court's decision ordering him to pay half of this debt, and raises the following single assignment of error:
 "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFF-APPELLANT IN FINDING THAT A TEN THOUSAND FIVE HUNDRED DOLLAR MARITAL DEBT EXISTED AND ORDERING APPELLANT TO BE RESPONSIBLE FOR ONE-HALF OF THE DEBT."
A trial court has broad discretion in making a division of property in a divorce action. Middendorf v. Middendorf, 82 Ohio St.3d 397, 401,1998-Ohio-403. As an initial matter, the court must classify the parties' property as either separate or marital. See R.C. 3105.171(B). After the property has been classified, the court must then equitably divide the marital property. See R.C. 3105.171(C)(1). Although debt is not explicitly mentioned, courts interpreting R.C. 3105.171(C)(1) have found that the starting point for allocating marital property is an equal division of marital assets and debts. See, e.g., Easterling v.Easterling (Apr. 13, 2001), Montgomery App. No. 18523; Braylock v.Braylock (Dec. 23, 1999), Cuyahoga App. No. 75459. A trial court's decision regarding property division will not be reversed absent an abuse of discretion. Middendorf at 401. "If there is some competent credible evidence to support the trial court's decision, there is no abuse of discretion." Id.
As mentioned above, the trial court found the amount loaned to appellee by her sister was marital debt because it was used to cover basic living expenses during the marriage. R.C. 3015.171(A)(2) provides that "during the marriage" means "the period of time from the date of the marriage through the date of the final hearing" unless the court determines that the use of either date would be inequitable. The trial court determined that, although the parties separated in April 1997, no action was taken to terminate the marriage until appellant filed a complaint for divorce in November 2000. Therefore, it concluded that the duration of the marriage was from the date of the marriage on April 28, 1997 until the date of the final hearing on July 10, 2001. We find no abuse of discretion in this determination.
Appellant contends that he never consented or agreed to the terms of the loan, there was no meeting of the minds, that there was no offer and acceptance, and therefore any loan is void pursuant to basic contract law. Appellant also contends that if there was a loan, the debt was not marital because the evidence supporting the obligation to repay it is not competent or credible.
We find appellant's arguments are without merit. A review of the record establishes that there was competent credible evidence from which the trial court could determine that appellee's sister loaned her around $10,500 to meet her basic living expenses during the parties' marriage. Both appellee and her sister testified that the money was a loan. The fact that the terms of the agreement were not specific and that appellant was not party to the agreement are irrelevant in determining whether the loan was a marital debt.
Appellee's sister produced a ledger sheet that she prepared to keep track of the money as it was repaid. Appellee produced checking account statements that show some of the deposits. Although appellant argues the written proof does not establish $10,500, the testimony of the witnesses was sufficient to establish the full amount of the debt. We find no abuse of discretion in the trial court's determination that the money was a loan that was marital debt and that appellant should pay half of the amount. See Frederick v. Frederick (Mar. 31, 2000), Portage App. No. 98-P-0071. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.